This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, U.S. Home Corporation ("U.S. Home"), appeals from the judgment of the Summit County Court of Common Pleas. We reverse and remand.
On February 20, 2001, appellees, Edison and Pamela Marshall ("the Marshalls"), filed a complaint against U.S. Home, as well as several other defendants, alleging breach of contract, breach of warranty, fraud, and violations of the Consumer Sales Practices Act. These claims arose out of a sales agreement between U.S. Home and the Marshalls for the construction of a new home.
On March 26, 2001, U.S. Home filed a motion to compel arbitration and stay proceedings pending arbitration. In the motion, U.S. Home asserted that the sales agreement compelled arbitration. The Marshalls responded in opposition on April 6, 2001. On May 7, 2001, the trial court denied the motion to compel arbitration, holding that the contract for construction of a new residence was exempted from mandatory mediation and arbitration pursuant to the parties' contract. This appeal followed.
U.S. Home asserts two assignments of error. We will discuss them together to facilitate review.
 First Assignment of Error The Trial Court erred when it denied U.S. Home's Motion to Compel Arbitration and Stay Proceedings by finding the arbitration provision contained in the Sales Agreement unenforceable.
 Second Assignment of Error The Trial Court erred when it denied U.S. Home's Motion to Compel Arbitration and Stay Proceedings by finding that the arbitration provision contained in the Sales Agreement excepts claims concerning the construction of a new home.
In the first assignment of error, U.S. Home asserts that the trial court erred when it found the arbitration provision in the sales agreement unenforceable. Essentially, it is argued that each of the Marshalls' claims falls within the purview of the mandatory mediation and arbitration provision. In the second assignment of error, U.S. Home asserts that the trial court erred when it found that the contract for construction of a new residence was exempted from mandatory mediation or arbitration. We agree that the construction of a new residence is not exempt from the mandatory mediation and arbitration provisions contained in the contract and remand the case to the trial court for enforcement of those provisions.
A trial court's resolution of the construction of a contract and other legal issues is reviewed de novo on appeal, without any deference afforded to the result that was reached below. See Graham v. Drydock CoalCo. (1996), 76 Ohio St.3d 311, 313. In the present case, the sales agreement provides, in relevant part:
 Any controversy or claim arising under or related to this Agreement or to the Property (with the exception of "consumer products" as defined by the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et. seq., and the regulations promulgated under that Act) * * * shall be settled and finally determined by mediation or by binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. 67; 1-14) and similar state statutes and not by a court of law.
The Magnuson-Moss Warranty Act, Section 2301, Title 15, U.S. Code, defines a "consumer product" as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)." (Emphasis added.) Further, the regulations promulgated pursuant to the Magnuson-Moss Warranty Act, provide that the Act applies only to written warranties on tangible personal property and that:
 [i]n the case where a consumer contracts with a builder to construct a home, a substantial addition to a home, or other realty (such as a garage or an in-ground swimming pool) the building materials to be used are not consumer products. Although the materials are separately identifiable at the time the contract is made, it is the intention of the parties to contract for the construction of realty which will integrate the component materials.
Section 700.1(f), Title 16, C.F.R.
Upon reviewing the sales agreement, it is clear that the parties agreed that any claim, except those involving "`consumer products'" as defined by the Magnuson-Moss Warranty Act and regulations promulgated under such Act, would be settled pursuant to either mediation or binding arbitration. The Act itself and the Code of Federal Regulations clearly provide that the term "consumer product" encompasses only personal property, not the construction of a new house which is more properly viewed as real property. Accordingly, U.S. Home's assignments of error are well-taken, and the judgment of the Summit County Court of Common Pleas is reversed. The cause is remanded for enforcement of the sales agreement pursuant to the mandatory arbitration and mediation clause.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.